**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE:                                        CASE NO.:    6:08-bk-04327-KSJ

**MIRABILIS VENTURES, INC.,**                  **CHAPTER 11**

   **Debtor.**
_____/

**MIRABILIS VENTURES, INC.,**                  Adversary Proc. No.:_____

   **Plaintiff,**
v.

**PETER H. COLLINS, ROBERT MOREYRA**
**and HANS C. BEYER,**

   **Defendants.**
_____/

## COMPLAINT TO
## SET ASIDE FRAUDULENT TRANSFERS

Mirabilis Ventures, Inc. (the "Debtor" or "Mirabilis"), hereby files this Adversary Complaint to Avoid and Recover Fraudulent Transfers the Defendants, PETER H. COLLINS, ROBERT MOREYRA and HANS C. BEYER, and alleges, upon information and belief, as follows:

### Nature of the Action

1.    This is an adversary proceeding brought pursuant to §§ 544, 548, and 550 of Title 11 of the United States Code (the "Bankruptcy Code"), and Rule 7001 of the Federal Rules of Bankruptcy Procedure. This action seeks to avoid fraudulent conveyances.

2.    This Court has jurisdiction over this matter pursuant to jurisdiction over this proceeding as a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2), including, but not limited to, subsections (A), (E), (H), and (O).

-1-

3.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (H) and (O).

4.      Venue is proper in this district and division under 28 U.S.C. § 1409.

5.      The statutory predicates for this Complaint are 11 U.S.C. §§ 105, 548, 549, 550 and Florida Statutes §§ 726.105, 726.106, 726.108.

### General Allegations

6.      Mirabilis Ventures, Inc. ("Mirabilis") is a Nevada corporation with its principal place of business in Maitland, Orange County, Florida.

7.      On May 27, 2008, Mirabilis filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

8.      Win Par Hospitality Chattanooga, LLC. ("Win Par") is a Florida limited liability company established on October 14, 2004 and had its principal place of business in Orange County, Florida.

9.      Mirabilis owns 100% of the stock of Win Par.

10.     Atlantic American Corporate Group, LLC ("Atlantic Corporate") is a Delaware limited liability company with its principal place of business in Tampa, Florida. It owned 100% of the membership units in Atlantic American Capital Advisors, LLC ("AACA") prior to October, 2006.

11.     Atlantic Corporate in turn is 100% owned by four individuals J. Patrick Michaels, Jr. ("Michaels"), Peter H. Collins ("Collins"), Robert Moreyra ("Moreyra") and Bradley A. Gordon ("Gordon"). All are residents of the state of Florida.

12.     Prior to March, 2006 several Florida developers had believed that a certain tract of land in Chattanooga located at 506 Riverfront Parkway would make an excellent site for development (the "Chattanooga Property").

4849-0377-2933.2_43582/0011

13.     The property was a vacant, 5.6 acre tract located on the banks of the Tennessee River just downstream of Chattanooga's public docks. These men planned a commercial development that would consist of a hotel, condominiums and marina.

14.     These developers had done extensive site plans and market research in addition to obtaining many government permits required for the plan. They formed Win Par and had a contract to purchase the property from its owner that was due to close in late March, 2006.

15.     A short time before closing, the developers learned that their financing source was no longer available. They contacted Mirabilis, and it agreed to finance the purchase of the property and develop it.

16.     In late March, 2006 Win Par purchased the property in Chattanooga for $3.2 million.

17.     By agreement with the developers, Mirabilis became the sole member of Win Par. The Riverfront Parkway tract was free and clear of liens, as all funds for the purchase had been advanced by Mirabilis or one of its subsidiaries.

18.     As part of its agreement with the developers, Mirabilis authorized Win Par to execute notes to certain investors and the developers in the amount of approximately $1.5 million. These notes reflected the time and expenses incurred by the developers in locating the property and planning the project.

19.     Some of the developers stayed on the project thereafter. They hired more work to be done by architects, engineers and attorneys.

20.     Mirabilis funded Win Par to the amount of approximately $200,000.00 during the summer of 2006 to pay for development costs. In addition, various vendors

-3-

had performed services for Win Par but were unpaid at least $100,000.00 during the summer of 2006. Win Par's only source of income at this time came from advances by Mirabilis.

21.     By October 2006 Win Par had unsecured creditors of at least $2.0 million.

22.     On October 5, 2006 Mirabilis entered into a peculiar agreement in Florida to loan an entity called Argent BD, LLC ("Argent") a total of $5 million.

23.     Argent is a Florida limited liability company. The purpose of the loan was to enable Argent to purchase AACA from the Defendants. Under the agreement Mirabilis was to loan Argent $3 million for it to purchase AACA and another $2 million for its payroll needs thereafter.

24.     Mirabilis had also agreed with Defendants to give them security to ensure that it would make the loan.

25.     Mirabilis deeded Defendants Collins and Moreyra, through their LLC, a building in Tampa, Florida with $1.4 million in equity. It caused Win Par to issue a guaranty to the Defendants for $2.5 million, and the guaranty was secured with a Deed of Trust on Win Par's land.

26.     Mirabilis also advanced $500,000.00 in cash at closing to Argent, and this was paid over to the Defendants.

27.     After the closing of the loan agreement with Argent, Win Par ceased all business thereafter. It had no employees, no income source, and its development plans were halted.

28.     At the time it was made to give its guaranty and deed of trust to the Defendants, Win Par could not pay its debts as they became due. It was balance sheet and equitably insolvent.

-4-

29.     Mirabilis did advance about $300,000.00 to Argent after the closing to fund AACA's payroll.   However, Argent defaulted in paying the remaining purchase price for AACA to the Defendants.

30.     Argent BD was at all times owned, directly or indirectly, by the Defendants Collins and Moreyra. Mirabilis never owned it.

31.     At no time did Mirabilis receive any income or benefits from Argent BD or AACA. At no time did Mirabilis exercise control over AACA. It operated under the direction of the Defendants with the same employees just as it had done before the loan agreement.

32.     The Defendants gave no real consideration in the sale of AACA to Argent. It was a sham transaction. They have retained AACA in their possession or control and retained all income and benefits of its ownership, just as before October 5, 2006. They have not attempted to re-convey AACA back to Atlantic Capital, nor have they sought to recover against Argent. They are not entitled to any secured or unsecured claim against the estate.

33.     Even though Mirabilis had advanced over $2 million in funds and property to the Defendants and received nothing, the Defendants nonetheless sought to enforce their guaranty and deed of trust against Win Par.

34.     In May of 2007 the Defendants instituted foreclosure proceedings against Win Par's land. They intended to recover $2.5 million of the amount which they claimed was still to be loaned by Mirabilis to Argent. Just minutes prior to the scheduled foreclosure, Win Par filed a Chapter 7 petition on May 18, 2007, halting the sale.

35.     The Defendants filed claim No. 1 in Win Par's bankruptcy proceeding in the amount of $2.5 million, secured.

36.     Win Par's sole asset was the Chattanooga Property.

4849-0377-2933.2_43582/0011

37.     On April 2, 2008, the Win Par Trustee sold the Chattanooga Property to Cameron Harbor, LLC for a purchase price of $7,200,000.00.

38.     $2,000,000.00 of the proceeds from the sale of the Chattanooga Property was given to the Defendants by the IRS.

39.     Defendant, Beyer, is a resident of the State of Florida and an attorney licensed to practice law in the state of Florida and at all times material hereto was and an agent of Defendants.

40.     Beyer received a 10% commission regarding the transfer of the Chattanooga Property.

41.     The Defendants did not give any consideration for the $2,000,000.00 they received as a result of the sale of the Chattanooga Property.

42.     Beyer did not give any consideration for the 10% fee he received as a result of the sale of the Chattanooga Property.

## COUNT I

### Avoidance of a Postpetition Transfer - 11 U.S.C. § 548
### (PETER H. COLLINS, ROBERT MOREYRA)

43.     Mirabilis realleges and incorporates herein by reference each allegation set forth above in paragraphs 1 through 42.

44.     Mirabilis is a creditor of Win Par.

45.     Mirabilis is/was the 100% stockholder of Win Par.

46.     Mirabilis and Win Par received no benefit or consideration, direct or indirect in exchange for the $2,000,000.00 received by the Defendants.

-6-

47.     Defendants' $2.5 million dollar claim in the Win Par bankruptcy action, which resulted in the Defendants receipt of $2,000,000.00 from the IRS was made with the actual intent to hinder, delay, or defraud any creditor of Mirabilis.

48.     In the alternative Mirabilis and Win Par received less than a reasonably equivalent value for the transfer.

49.     The transfers were fraudulent as to Mirabilis' creditors, and it is avoidable under §548 of the Bankruptcy Code.  The transfer is recoverable for the benefit of the estate  under §550 of the Code.

**WHEREFORE**, Mirabilis respectfully requests this Court enter an Order avoiding or setting aside the transfer to Defendants as a fraudulent transfer under 11 U.S.C. § 548.

## COUNT II

**(Avoidance and Recovery of Fraudulent Transfers pursuant to
11 U.S.C. §§ 544(b) and 550, and §§ 726.105(1)(b) and 726.106, Florida Statutes)
(PETER H. COLLINS, ROBERT MOREYRA)**

50.     Mirabilis realleges and incorporates herein by reference each allegation set forth above in paragraphs 1 through 42.

51.     Mirabilis is a creditor of Win Par.

52.     Mirabilis is/was the 100% stockholder of Win Par.

53.     Mirabilis did not receive a benefit or consideration, direct or indirect in exchange for the $2,000,000.00.

54.     Defendants' $2.5 million dollar claim in the Win Par bankruptcy action, which resulted in the Defendants receipt of $2,000,000.00 from the IRS, constituted a transfer of interest in property of Mirabilis.

-7-

55.     Within four (4) years prior to the Petition Date, the Defendants fraudulently received $2,000,000.00.

56.     The Defendants did not provide value in exchange for the $2,000,000.00 received.

57.     Mirabilis was insolvent at the time that Defendants received the $2,000,000.00 or became insolvent as a result.

58.     Mirabilis was engaged or was about to engage in a business transaction for which the remaining assets of Mirabilis were unreasonably small in relation to the business or transaction, or intended to incur, or believed or reasonably should have believed that Mirabilis would incur, debts beyond its ability to pay as they became due.

59.     By reason of the foregoing, the transfer of funds to the Defendants is avoidable pursuant to 11 U.S.C. § 544(b) and §§ 726.105(1)(b) and 726.106, Florida Statutes.

**WHEREFORE**, Mirabilis requests that this Court enter an order: (i) avoiding the $2,000,000.00 payment as a fraudulent transfer under 11 U.S.C. § 544(b) and §§ ́726.105(1)(b) and 726.106, Florida Statutes; (ii) entering judgment in favor of Mirabilis against the Defendants, together with prejudgment and post-judgment interest and costs pursuant to 11 U.S.C. § 550; and (iii) granting such other and further relief as the Court deems just and proper.

## COUNT III

### (Avoidance and Recovery of Fraudulent Transfers pursuant to 11 U.S.C. §§ 544(b) and 550, and § 725.105(1)(a) Florida Statutes) (PETER H. COLLINS, ROBERT MOREYRA)

60.     Mirabilis realleges and incorporates herein by reference each allegation set forth above in paragraphs 1 through 42.

61.     Mirabilis is a creditor of Win Par.

62.     mirabilis is/was the 100% stockholder of Win Par.

-8-

63. Defendants' $2.5 million dollar claim in the Win Par bankruptcy action, which resulted in the Defendants receipt of $2,000,000.00 from the IRS, was made with actual intent to hinder, delay, or defraud creditors of Mirabilis.

64. By reason of the foregoing, the transfer of the $2,000,000.00 to Defendants is avoidable pursuant to 11 U.S.C. § 544(b) and § 726.105(1)(a), Florida Statutes.

**WHEREFORE**, Mirabilis requests that this Court enter an Order: (i) avoiding the transfer of $2,000,000.00 to Defendants as fraudulent under 11 U.S.C. § 544(b) and § 726.105(a)(1), Florida Statutes; (ii) entering judgment in favor of Mirabilis together with pre-judgment and post-judgment interest and costs pursuant to § 550; and (iii) granting such other and further relief as this Court deems just and proper.

<u>COUNT IV</u>

<u>Avoidance of a Postpetition Transfer - 11 U.S.C. § 548</u>
**(HANS C. BEYER,)**

65. Mirabilis realleges and incorporates herein by reference each allegation set forth above in paragraphs 1 through 42.

66. Mirabilis is a creditor of Win Par.

67. Mirabilis is/was the 100% stockholder of Win Par.

68. Mirabilis or Win Par received no benefit or consideration, direct or indirect in exchange for the 10% brokerage commission received by Beyer from the sale of the Chattanooga Property.

69. In the alternative, Mirabilis and Win Par received less than a reasonably equivalent value for the transfer.

-9-

70. The transfer was fraudulent as to Mirabilis' creditors, and it is avoidable under §548 of the Bankruptcy Code. The transfer is recoverable for the benefit of the estate under §550 of the Code.

**WHEREFORE**, Mirabilis respectfully requests this Court enter an Order avoiding or setting aside the Transfer to Beyer as a fraudulent transfer under 11 U.S.C. § 548.

<u>COUNT V</u>

<u>(Avoidance and Recovery of Fraudulent Transfers pursuant to
11 U.S.C. §§ 544(b) and 550, and §§ 726.105(1)(b) and 726.106, Florida Statutes)</u>
(HANS C. BEYER)

71. Mirabilis realleges and incorporates herein by reference each allegation set forth above in paragraphs 1 through 42.

72. Mirabilis is a creditor of Win Par.

73. Mirabilis is/was the 100% stockholder of Win Par.

74. Mirabilis and Win Par received no benefit or consideration, direct or indirect in exchange for the 10% brokerage commission received by Beyer from the sale of the Chattanooga Property.

75. Within four (4) years prior to the Petition Date, the Defendants fraudulently received an alleged 10% brokerage commission.

76. The Defendant did not provide value in exchange for the alleged commission received.

77. Mirabilis was insolvent at the time that Defendant received the alleged commission or became insolvent as a result.

78. Mirabilis was engaged or was about to engage in a business transaction for which the remaining assets of Mirabilis were unreasonably small in relation to the business or

-10-

transaction, or intended to incur, or believed or reasonably should have believed that Mirabilis would incur, debts beyond its ability to pay as they became due.

79.     By reason of the foregoing, the transfer of the funds to the Defendant is avoidable pursuant to 11 U.S.C. § 544(b) and §§ 726.105(1)(b) and 726.106, Florida Statutes.

**WHEREFORE**, Mirabilis requests that this Court enter an order: (i) avoiding the alleged commission payment as a fraudulent transfer under 11 U.S.C. § 544(b) and §§ 726.105(1)(b) and 726.106, Florida Statutes; (ii) entering judgment in favor of Mirabilis against Beyer, together with prejudgment and post-judgment interest and costs pursuant to 11 U.S.C. § 550; and (iii) granting such other and further relief as the Court deems just and proper.

## COUNT VI

**(Avoidance and Recovery of Fraudulent Transfers pursuant to**
**11 U.S.C. §§ 544(b) and 550, and § 725.105(1)(a) Florida Statutes)**
**(HANS C. BEYER)**

80.     Mirabilis realleges and incorporates herein by reference each allegation set forth above in paragraphs 1 through 42.

81.     Mirabilis is a creditor of Win Par.

82.     Mirabilis is/was the 100% stockholder of Win Par.

83.     Defendant Beyer took an alleged 10% brokerage commission with actual intent to hinder, delay, or defraud creditors of Mirabilis.

84.     By reason of the foregoing, the transfer of the alleged brokerage commission to Buyer is avoidable pursuant to 11 U.S.C. § 544(b) and § 726.105(1)(a), Florida Statutes.

WHEREFORE, Mirabilis requests that this Court enter an Order: (i) avoiding the transfer of the alleged brokerage commission to Beyer as fraudulent under 11 U.S.C. § 544(b) and § 726.105(a)(1), Florida Statutes; (ii) entering judgment in favor of Mirabilis together with pre-

-11-

judgment and post-judgment interest and costs pursuant to § 550; and (iii) granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

**BROAD AND CASSEL**
Attorneys for Plaintiff
390 North Orange Avenue, Suite 1400
Orlando, Florida  32801
PO Box 4961 (32802-4961)
Telephone:     (407) 839-4200
Facsimile:      (407) 650-0927

By:_____ */s/ Nicolette C. Vilmos*_____
      Nicolette C. Vilmos, Esquire
      Florida Bar No  0469051
      nvilmos@broadandcassel.com

4849-0377-2933.2_43582/0011