UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:                                                      CASE NO: 6:08-bk-4327-KSJ

MIRABILIS VENTURES, INC.            CHAPTER 11

     Debtor.
_____/

MIRABILIS VENTURES, INC.            Adv. Pro. No. 6:10-ap-00141-KSJ

     Plaintiff,
v.

PETER H. COLLINS, ROBERT MOREYRA
and HANS C. BEYER,

     Defendants.
_____/

**DEFENDANT, HANS CHRISTIAN BEYER'S ANSWER TO COMPLAINT**

Defendant, Hans Christian Beyer ("Beyer"), by and through his undersigned counsel, hereby files his answer to the Complaint filed in the above-captioned proceeding and represents as follows:

1.      No response required.

2.      Admitted that this Court has jurisdiction of this proceeding, otherwise denied.

3.      Without knowledge and therefore denied.

4.      Without knowledge and therefore denied.

5.      No response required.

6.      Admitted.

7.      Admitted.

8.      Without knowledge and therefore denied.

9.  Without knowledge and therefore denied.

10. Without knowledge and therefore denied.

11. Admitted.

12. Without knowledge and therefore denied.

13. Without knowledge and therefore denied.

14. Without knowledge and therefore denied.

15. Without knowledge and therefore denied.

16. Without knowledge and therefore denied.

17. Without knowledge and therefore denied.

18. Without knowledge and therefore denied.

19. Without knowledge and therefore denied.

20. Without knowledge and therefore denied.

21. Without knowledge and therefore denied.

22. Admitted that there was a loan agreement. Otherwise, without knowledge and therefore denied.

23. Admitted that Argent is a Florida limited liability company and that the purpose of the loan was to enable Argent to purchase AACA. Denied that Beyer had any interest in AACA. Otherwise, without knowledge and therefore denied.

24. Denied that any such agreement was made with Beyer. Otherwise, without knowledge and therefore denied.

25. Without knowledge and therefore denied.

26. Without knowledge and therefore denied.

27. Without knowledge and therefore denied.

28. Denied that Beyer had any interest in the guaranty or deed of trust. Otherwise, without knowledge and therefore denied.

29. Admitted as to Argent's default. Otherwise, without knowledge and therefore denied.

30. Admitted.

31. Denied that Beyer exercised any control over AACA. Otherwise, without knowledge and therefore denied.

32. Denied that Beyer ever exercised control over or had an interest in AACA. Otherwise, without knowledge and therefore denied.

33. Without knowledge and therefore denied.

34. Without knowledge and therefore denied.

35. Without knowledge and therefore denied.

36. Without knowledge and therefore denied.

37. Without knowledge and therefore denied.

38. Denied that Beyer ever received any proceeds from the sale of the Chattanooga Property or transferred any such proceeds to the IRS. Otherwise, without knowledge and therefore denied.

39. Denied that Beyer was an agent of Defendants. Otherwise, admitted.

40. Denied.

41. Denied that Beyer received any consideration from the sale of the Chattanooga property. Otherwise, without knowledge and therefore denied.

42. Denied that Beyer received any fee or other consideration from the sale of the Chattanooga Property.

## COUNT I

43. Beyer re-alleges his responses above.

44. Without knowledge and therefore denied.

45. Without knowledge and therefore denied.

46. Denied that Beyer received any consideration from the sale of the Chattanooga Property. Otherwise, without knowledge and therefore denied.

47. Denied that Beyer had a claim in the Win Par bankruptcy action; denied that Beyer received any portion of the "$2,000,000.00 from the IRS." Otherwise without knowledge and therefore denied.

48. Without knowledge and therefore denied.

49. Without knowledge and therefore denied.

## COUNT II

50. Beyer re-alleges his responses above.

51. Without knowledge and therefore denied.

52. Without knowledge and therefore denied.

53. Without knowledge and therefore denied.

54. Without knowledge and therefore denied.

55. Without knowledge and therefore denied.

56. Denied that Beyer received any portion of the $2 million. Otherwise, without knowledge and therefore denied.

57. Without knowledge and therefore denied.

58. Without knowledge and therefore denied.

59. Without knowledge and therefore denied.

## COUNT III

60. Beyer re-alleges his responses above.

61. Without knowledge and therefore denied.

62. Without knowledge and therefore denied.

63. Denied that Beyer had a claim in the Win Par Bankruptcy; denied that Beyer received any portion of the "$2,000,000.00 from the IRS." Otherwise, without knowledge and therefore denied.

64. Denied that Beyer received any portion of the "$2,000,000.00 from the IRS." Otherwise, without knowledge and therefore denied.

## COUNT IV

65. Beyer re-alleges his responses above.

66. Without knowledge and therefore denied.

67. Without knowledge and therefore denied.

68. Denied that Beyer received any commission or other consideration from the sale of the Chattanooga Property. Otherwise, without knowledge and therefore denied.

69. Denied. There was no such transfer to Beyer.

70. Denied. There was no such transfer to Beyer.

## COUNT V

71. Beyer re-alleges his responses above.

72. Without knowledge and therefore denied.

73. Without knowledge and therefore denied.

74. Denied. Beyer did not receive any commission or other consideration from the sale of the Chattanooga Property.

75. Denied. There was no such commission paid to Beyer.

76. Denied. There was no such commission paid to Beyer.

77. Denied. There was no such commission paid to Beyer.

78. Without knowledge and therefore denied.

79. Denied. There was no such transfer to Beyer.

## **COUNT VI**

80. Beyer re-alleges his responses above.

81. Without knowledge and therefore denied.

82. Without knowledge and therefore denied.

83. Denied. Beyer did not receive any commission or other consideration from the sale of the Chattanooga Property.

84. Denied. There was no such transfer to Beyer.

WHEREFORE Defendant, Hans C. Beyer, requests that the complaint be dismissed, that final judgment be entered in his favor and that the Court grant such further relief as it deems just and proper under the circumstances.

    TESSITORE LAW FIRM

    */s/ Michael A. Tessitore*
    Michael A. Tessitore
    Florida Bar No.: 0948039
    612 E. Colonial Drive, Suite 150
    P.O. Box 2351 (32802)
    Orlando, Florida 32803
    (407) 304-8220
    mtessitore@tess-law.com
    Counsel for Defendant, Hans Christian Beyer

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy hereof has been furnished either electronically or by United States Mail on the 23rd day of August, 2010 to the following: Nicolette Corso Vilmos, Esquire, Broad and Cassel, 390 North Orange Avenue, Suite 1400, Orlando, FL 32801; Peter H. Collins, 850 Camino Gardens Boulevard, Suite 102, Boca Raton, FL 33432; Robert Moreyra, 4001 Bayshore Boulevard, Tampa, FL 33629 and Bart Valdes, deBeaubien, Knight, Simmons, Mantzaris & Neal, LLP, 332 North Magnolia Avenue, Orlando, Florida 32801.

                                                  /s/ *Michael A. Tessitore*